OPINION of the Court, by
Ch. J. Boyle.
The. question in this case, is, whether Craig, who had soul to Young a tract of land containing in its boundaries a surplus, has a right to recover such surplus ; or, ia case it cannot be had, a compensation therefor in mo-.. ney ? {
There is no novelty or peculiarity in the pnneiofes upon which questions, of this sort depend. In contracts of this kind, the same good faith is required. and the same responsibility attaches to its violation, which law *271 and reason prescribe in every description of contract. If, through fraud or gross and palpable mistake, more or less land should be conveyed than was in the contemplation of the seller to part with, or the purchaser to receive, the injured party would be entitled td relief in like manner as he would be for an injury produced by a similar cause in a contract of any other species.
Where the contra# was for a sale by the acre, much lefs variation in the quantity convey ed would be re-cetved as evidence of mi flake amounting to caufe for the m-terpofition of a court of equity* than where the contrail was for a fale in grefs,
Jn fales by the acre every variation in the quantify deeded from the quantity contradled for will nor war rant the interference of a court of equity. The cafe mu ft be adjudged ac-coiding to the.. cSrcumhances, of time and ujual alfcrwances. then mace between purchafers and idlers-
The deed is tak<'n as prima Jnae evidence of the terms of fale, imlefs by miftalteor fraud words are introduced contrary to the intent of the parties.
The words are evidences that the partieg were to risk a gain or lofs ita the eftimated quantity*
In this case, however, there is no evidence of fraud, and the only ground from which an inference can be deduced that there was such a mistake as would justify the interference of the court for the purpose of correction, is the surplus contained in the boundaries described by the deed. Whether this ground be sufficient to justify such an inference, depends upon the nature and terms of the contract.
Contracts for the sale of land may be considered of two descriptions ; 1st, Where the sale is of a specific quantity, which is usually denominated a sale by the acre ; and 2d, where the sale is of a specific tract, by name or description, each party risking the quantity. The latter, for sake of brevity, is sometimes called a sale in gross.
It is evident that in a sale per acre, much less variation'from the quantity intended to be conveyed, would afford evidence of a mistake which would justify the interposition of a court to correct it, than would be sufficient for that purpose in a sale of the other description. Rut even in a sale per acre, as fronr ihe roughness and unevenness of the ground, from the variation of instruments, and from the different results that will , necessarily be produced by different surveyors operating with the same instruments, it is impracticable to ascertain the quantity with perfect precision ; a small deficit or surplus, however exactly the parties may have intended to be confined to a specific quantity, would not justify an application to a court of justice for relief. In many cases, however, of sales of this sort, the parties did not intend to be very scrupulously exact with respect to the quantity. There was particularly in the earns made at an early period of this country, great liberality oi admeasurement frequently allowed by the feeder and expected by the purchaser. Where this was the case, to authorise a conclusion from the surplus contained in the boundaries of a tract that there was a *272 mistake of quantity, the surplus ought to be greater than was usual in conveyances made about the same period, and with the same intention of allowing- a liberal admeasurement. But as in some sales of an early period, and in perhaps a great majority of those of a more recent date, such a liberality of admeasurement was not intended by the parties, it would be obviously improper and unjust to laydown any general rule, as to the rate oí s-tuplus that would justify an inference of. a mistake which would deserve correction. Each esc must depend much upon its own particular circumstances. Whether such an.inference would be au-thorised in the present case, were the sale in question per acre, and not in gross, need not he determined,, since we are of opinion it is of the latter description.
But the ex~ sefs or dene it may be io great as to autburife an inference of iraud or mil' take.
The difference between 425 and 481 does not warrant Tuch an
The deed of conveyance must be taken as conclusive evidence M the terms oí sale, unless it had been shewn that language, not comporting with the true intention of the parties, had been inserted through iraud of mistake, oí which there is not the slightest indication in this case. The deed describes the land by its boundaries and situation, and as “containing by survey lour hundred and twenty-five acres, he the same more or less.” The plain and most obvious meaning oí the expression “be the same more or less,” is drat the parties were to run the risk of gain or loss, as there might happen to be an excess or deficiency in the estimated quantity. This, it is believed, is the sense in which such an expression is uniformly understood, by both the learned and unlearned. This idea is not repelled by the expression of the quantity of acres ; on the contrary, it rather derives strength from the manner in which the quantity is mentioned ; for it plainly indicates that the expression oí'quantity was used as matter of description only, and that u was the intention of the parties not to be confined to a precise and specified quantity.
We do not mean to be understood, that in a sale of this kind the surplus or deficit might not be so great as to authorise an inference that it had been produced by fraud or mistake ; but in this case, where the estimated quantity was 425 acres, and the largest quantity which any subsequent survey has made it, is 481, the surplus does, not appear so great as not to be within the reasonable limits of a risking bargain of this kind — -See in sup *273 port of this doctrine, Sugden 225-6, 1 Call. 301, 2 Freem. 106.
We are therefore of opinion, that the decree of the circuit court in favor of Craig, was erroneous, and must be reversed with costs;